UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, DC  20549<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID L. NALLY,<br><br>　　　　　　　　　Defendant. | : Civil Action No.<br>:<br>:<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff Securities and Exchange Commission ("Commission") alleges:

## SUMMARY

1.　　David L. Nally ("Nally") engaged in a fraudulent trading scheme by executing at least 138 wash sales between various brokerage accounts that he controlled in order to transfer funds from a traditional IRA account ("Rollover") to a Roth IRA account ("Roth").  Through this fraudulent scheme, Nally transferred approximately $152,606.80 from his Rollover account to his Roth account.  To accomplish his fraudulent goal, Nally used thinly traded stocks, and executed his wash sales in the less liquid after-hours market [the periods between 7:30 a.m.-9:15 a.m. and 4:15 p.m.-8:00 p.m.].  The wash sales consisted of near-simultaneous matching limit orders to buy and sell the same securities, which were placed in two accounts Nally controlled and were often placed at prices that were away from the existing market price to further ensure his buy order was filled with securities from the account in which he placed the sell order.

2. Through his fraudulent scheme, Nally sought to avoid the tax consequences of withdrawing funds from his Rollover account and thereby violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10b-5. Unless permanently enjoined, Nally will continue to engage in such acts and practices.

3. The Commission seeks an injunction against future violations and civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)].

## JURISDICTON

4. This Court has jurisdiction pursuant to Sections 21(d)(1), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), 78u(e), and 78aa].

## THE DEFENDANT

5. David L. Nally, age 41, is a self-employed trader who resides in Ivins, Utah.

## FACTS

### Wash Sales Scheme

#### Background

6. Nally's wash sales scheme involved trades between his Rollover and Roth accounts, which were both maintained at the same broker-dealer.

7. Wash sales are transactions involving no change in beneficial ownership. Nally's sole motivation for engaging in his wash sales scheme was to transfer money from his Rollover account to his Roth account while avoiding the tax consequence of directly withdrawing funds from his Rollover account. At the time that Nally initiated his wash sales

scheme, he had approximately $630,000 in his Rollover account and $4,200 in his Roth account.

8. Nally pursued his wash sales scheme from at least January 14, 2004 through November 29, 2004, conducting wash sales in at least eight different stocks and making at least 138 wash trades as part of his wash sales scheme. Through the wash trades Nally improperly shifted approximately $152,606.80.00 from his Rollover account to his Roth account.

## Wash Sales by David Nally

9. The majority of Nally's wash sales were executed in the after-hours market, the periods between 7:30 a.m.-9:15 a.m. and 4:15 p.m.-8:00 p.m. Nally consciously chose to conduct his wash sales in the after-hours market to avoid competing market activity that could be executed against the matching limit orders he devised.

10. In order to further minimize the chance that other market participants would execute against his limit orders, Nally frequently executed wash sales at a price that was outside the existing national best bid and offer spread.

11. In order to transfer funds between the accounts, Nally would either use his Rollover account to buy a stock from his Roth account at a price above the prevailing market price or sell stock from his Rollover account to his Roth account at a price below the prevailing market price . The following is an example of Nally's trading:

- On February 5, 2004
    - Nally ordered the Rollover account to SELL 140 Province Healthcare shares for $14.03
    - Nally ordered the Roth account to BUY 140 Province Healthcare shares for $14.03
- These orders were executed against each other at 08:23:10.
    - Nally ordered the Rollover account to BUY 140 Province Healthcare shares for $18.55

3

> o Nally ordered the Roth account to SELL 140 Province Healthcare shares for $18.55
- These orders were executed against each other at 19:46:13.

While it appeared to the market that 280 shares traded hands in arms length transactions, in reality Nally used 140 shares of Province Healthcare to effectively transfer $632.80 (140 x $4.52) from the Rollover account to the Roth account.

12. Between February 3, 2004 and May 28, 2004, Nally executed 39 pre-arranged wash sales in Annuity and Life Re (Holdings) Ltd. These trades, totaling 180,000 shares, effectively transferred $29,495 from the Rollover account to the Roth account. On February 3, 2004, Nally executed two wash sales in Phosphate Resource Partners LP. These trades, totaling 2,000 shares, effectively transferred $800 from the Rollover account to the Roth account.

13. Between February 10, 2004 and February 25, 2004, Nally executed four wash sales in Revlon, Inc. These trades, totaling 16,000 shares, effectively transferred $6,480 from the Rollover to the Roth account. Between March 30, 2004 and May 28, 2004, Nally executed 27 wash sales in Triton PCS Holdings Inc. These trades, totaling 31,000 shares, effectively transferred $27,450 from the Rollover to the Roth account. Between February 17, 2004 and April 15, 2004, Nally executed 13 wash sales in Terra Industries. These trades, totaling 12,710 shares, effectively transferred $4,140 from the Rollover to the Roth Account. Between February 3, 2004 and May 28, 2004, Nally effectively transferred $68,997.80 from his Rollover account to his Roth account.

<u>Nally Knew Wash Sales Were Improper</u>

14. Nally understood the tax implications associated with his Rollover account and his Roth account. In addition, he knew that there was an early withdrawal penalty if he

4

withdrew funds from his Rollover account before age 59. Nally engaged in his wash sales scheme solely as a means to transfer money from his Rollover account to his Roth account to avoid the tax consequences of withdrawing funds from his Rollover account.

## CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)]
and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]**

15. The Commission realleges and incorporates by reference paragraphs 1 through 14 above.

16. Defendant Nally, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange:

   a. employed devices, schemes or artifices to defraud;

   b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

17. By engaging in the conduct described above, the defendant violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court enter a judgment:

### I.

Permanently enjoining defendant David L. Nally from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

### II.

Ordering defendant David L. Nally to pay a civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

### III.

Granting such other relief as the Court may deem just and appropriate.

Dated: _May 31_, 2007

Respectfully submitted,

_/s/ Mark A. Adler_
Mark A. Adler
Richard W. Grime
Charles E. Cain
Nichola L. Timmons

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone: (202) 551-4402 (Adler)
Facsimile: (202) 772-9245(Adler)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-991 JR

## I (a) PLAINTIFFS

SECURITIES AND EXCHANGE COMMISSION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

100 F Street, N.E.
Washington, D.C. 20549
202-551-4402

## DEFENDANTS

DAVID L. NALLY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Washington
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00991
Assigned To : Robertson, James
Assign. Date : 5/31/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⦿ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☒ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Securities Fraud Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/31/07   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

JTC

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.